# EXHIBIT A

FILED

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

2012 AUG 30 AM 10:51

JACQULINE D. WILLS
CLERK SUPERIOR COURT

Frederic Hill

Plaintiff

vs.

Bank Of America NA,
BAC Home Loans Servicing LP
Countrywide Home Loans
Servicing LP,
New Penn Financial LLC

Defendants.

CASE NUMBER

2012 CV 03829-8

## COMPLAINT FOR PERMANENT INJUNCTION FOR CEASE AND DESIST ANY AND ALL FORECLOSURE AND COLLECTION ACTIVITY, IN ANY AND EVERY, INCLUDING REPORTING ANY PAYMENT ACTIVITIES; AND OTHER EQUITABLE RELIEF

COMES NOW, Frederic Hill; Plaintiff in the above styled matter

and files this Civil Complaint, Lawsuit and Permanent Injunction for cease

and desist any and all foreclosure and collection activity, in any and every

form, including reporting any payment activities; and other equitable relief.

1.

Only the Superior Courts of Georgia has the right to determine legitimacy of

the alleged foreclosure actions which affects land titles rights and

subsequent transfer rights to Bank of America N.A. Per O.C.G.A. 23-1-

1, equity jurisdiction is vested into the Superior Courts of the several

1

counties. Thus the right to proceed against the property rights of the titleholder is challenged, making the venue improper per O.C.G.A. 9-11-12(b)(3).

2.

As evidence by the Initial Communication Letter, Defendant's action is to recover of an alleged amount of indebtedness in the full amount. For a Magistrate Court rule on an amount in controversy greater than $15,000.00 is beyond the judicial limit established, as an of law. Thus, the Magistrate Court of Clayton County lacks subject-matter jurisdiction under the limited judicial powers assigned to the Magistrate Courts by Georgia Law on Judicial Powers under O.C.G.A. 15-10-2(5).

3.

Plaintiff asserts jury demand for the issues raised by this action under the seventh amendment of the United States Constitution that all civil matters exceeding $20.00, and the Georgia Bill of Rights to have the right to a trial by jury is inviolate. This court is a court of limited jurisdiction and cannot provide a jury trial per O.C.G.A. 15-10-41(a), as an operation of law. Thus, this court is the improper venue per O.C.G.A. 9-11-12(b)(3) to provide equal protection under the law of the Plaintiff's full rights.

4.

Plaintiff demand equity jurisdiction, which is invested in the Superior

Courts of Georgia and not the lower trial court of the Magistrate Court.

Thus the venue is improper per O.C.G.A. 23-1-1. Where equity jurisdiction

is invested in the Superior Courts.

5.

Defendants, in the action, failed to produce an authenticated instrument,

contract or rightful possession of an instrument, which established

ownership prior to the foreclosure sale date, or the right to conduct a non-

judicial sale, with verification made against the titleholder.

6.

Bank of America N.A., as a quasi-governmental organization, is not a

creditor per O.C.G.A. 7-6A-2(6), and as such had no stand to initiate a

foreclosure or actually foreclosure on Plaintiff's property.  Thus without

verification, the Defendants failed to state a claim upon which relief can be

grant and failed to join parties, under O.C.G.A. 9-11-9 and O.C.G.A. 9-11-

17(a).  The Georgia Statute O.C.G.A. 9-2-20 which states,

> " *(a) As a general rule and action on a contract whether the*
>
> *contract is expressed implied by parol, under seal, or of record, shall*
>
> *be brought in the name of the party in whom the legal interest in the*

3

*contract is vested, and against the party who made it in person or by*

*agent.*

7.

Plaintiff denies being tenants– at-sufferance; rather Plaintiff submits an

Affidavit of Denial and declares under the penalty of perjury to be the

titleholder in good standing in peaceful possession of the property.  The

affidavit pursuant to O.C.G.A. 9-10-112 and serves as a Counter Affidavit to

the Dispossessory Warrant which makes the Plaintiff provide prima facie

evidence to rebut the Defendants facts.

8.

Plaintiff's actions or inactions, has not caused harm or injury to the

Defendants.  In the absence of proof of evidence of harm, this court or a

competent court, by way of a trial, must find legal grounds to grant relief to

the Plaintiff.

9.

Plaintiff tender this Motion to Dismiss for failure to state a claim in which

relief may be granted per Georgia Civil Rules of Procedure O.C.G.A. 9-11-

12(b)(6) and the Federal Rule of Civil Procedures (FRCP) Rule 12(b)(6)

against any and all claims by the Defendants.

4

<u>COMPLAINT</u>

COME NOW, Frederic Hill "Plaintiff" by and though undersigned counsel stating the following:

<u>Facts</u>

10.

Plaintiff realleges and incorporates paragrahs 1-9 as if fully stated herein.

11.

The Plaintiff agreed to make monthly payments to New Penn Financial LLC

12.

Per the promissory note New Penn Financial LLC / Note Holder agreed to notify the Plaintiff prior to the date of change in monthly payment

13.

New Penn Financial LLC did not assigned the right to receive payment under the promissory note

14.

New Penn Financial LLC never claimed that the Plaintiff has not made payment under the promissory note

15.

The Plaintiff execute a Security Deed granting Mortgage Electronic Registration Systems, Inc. "MERS", solely as nominee for New Penn

5

Financial LLC and Lender successors and assigns, the power of

sale of 7375 Kendel Court, Jonesboro, Georgia 30236; if the Plaintiff did not

meet his obligations contained in his promissory note

16.

Security Deed did not entitle MERS or any other entity the right to receive

payment pursuant to the Plaintiff's promissory note

17.

Paragraph 18 of Security Deed as a deed passing title not as a mortgage

18.

The Plaintiff executed a security deed granting MERS solely as nominee

for New Penn Financial LLC and Lender's sucessors and assigns the power

of sale of 7375 Kendel Court, Jonesboro, Georgia 30236 if the Plaintiff did

not meet his obligations contained in his promissory note

19.

Paragraph 26 of the security deed defines security deed aas a deed passing

title, not as a mortgage

20.

The non uniform covenants in security deed 1 and security deed 2 are

materially different

6

21.

The Plaintiff made payments pursuant to the terms of the promissory note

Count 1

Set Aside Foreclosure Attempt

21.

Plaintiff realleges and incorporates paragraphs 1-20 as if fully stated herein.

22.

The Plaintiff signed a promissory note with New Penn Financial LLC which secured the mortgage.

23.

New Penn Financial LLC never assigned the note or the right to receive payment under the note to any other entity or individual.

24.

The Plaintiff made or attempted to make all payment under the promissory note

25.

The assignment of the Security Deed did not grant Bank of America N.A. the right to receive payment(s) under the promissory note.

7

26.

New Penn Financial LLC did not advise Bank of America N.A. that Plaintiff

failed to make payment under the note.

27.

Bank of America N.A. had no right to initiate a foreclosure sale pursuant to

OCGA 44-16-162 et seq

WHEREFORE, the Plaintiff request this court to set aside the foreclosure

sale, order that the Plaintiff retain possession of the premises adverse to the

Plaintiff, award the Plaintiff attorney fees and costs, and for such other and

further relief the Court deems just and proper

Count II

Wrongful Foreclosure

28.

Plaintiff realleges and incorporates paragraphs 1-27 as if fully stated

herein

29.

Bank of America N.A. owed a duty to the Plaintiff to act in good faith

in exercising a power of sale and attempting to foreclose on Plaintiff's

Property pursuant to O.C.G.A. § 23-2-114

8

30.

Bank of America N.A. breached and violated this duty to the Plaintiff by denying Plaintiff the right to reinstate his mortgage.

31.

Bank of America N.A. has acted in bad faith in foreclosing on Plaintiff's property

32.

Security Deed is the warranty deed that was assigned to Bank of America N.A. whiched contained the power of foreclosure.

33.

Defendants failed to give Plaintiff notice pursuant to paragraph 22 of Security Deed

34.

Defendants failed to give the Plaintiff time to cure any alleged default pursuant to paragraph 22 of Security Deeed

35.

Defendants failed to inform Plaintiff of his right to reinstate or the right to bring a court action pursuant to paragraph 22 of the Security Deed

36.

The Defendants falsely advertised the sale of certain real property 7375

Kendel Court, Jonesboro,Georgia 30236 property.

37.

Defendants failed to advertise the sale of the property for four consecutive weeks pursuarnt to O.C.G.A. § 44-14-162 et seq

38.

Defendants actions show a willful misconduct, malice, fraud, wantonnees, oppression, or the entire want of care as to raise the presumption of a conscious indifference to consequences and a specific intent of cause harm

WHEREFORE, the Plaintiff request this Court to set aside the foreclosure sale, order that the Plaintiff retain possession of the premises, bar and forever estop the Defendants from having or claiming any right or title to the premises adverse to the Plaintiff, award the Plaintiff attorney fees and costs, and for such other and further relief the Court deems just and proper

Count III

Breach of Covenant or Agreement

39.

Plaintiff realleges and incorporates paragraphs 1-38 as if fully stated herein

40.

On August 17, 2010 the Plaintiff executed the Security Deed

41.

Bank of America N.A. failed to honor the terms of the Security Deed

42.

Bank of America N.A. action failed to reflect fair dealing

43.

Bank of America N.A. breached the terms of the Security Deed by

failing to accelerate pursuant to paragraph 22 of the non-uniform covenant

44.

As a proximate result of the Defendant's breach the Plaintiff's property was

unlawfully foreclosed

45.

As a result proximate of the Defendant's breach the Plaintiff is in the

process of being dispossessed from his property

46.

As a proximate result of the Defendant's breach the Plaintiff has suffered

unnecessary trouble and expense.

WHEREFORE, Plaintiffs demand judgment against the Defendants in the

sum of $25,000.00 interest and cost and for such other and further relief the

Court deems just and proper.

11

Count IV

Negligent Servicing

47.

Plaintiff realleges and incorporates paragraph 1-46 as if fully stated herein

48.

Bank of America N.A. owed a duty to Plaintiff to avoid unreasonable risks of harm arising out of ordinary care to comply with standatd, professional, and responsible practices relating to mortgage lending and servicing.

49.

Bank of America N.A. negligently serviced the subject loan in breach of its duty to Plaintiff to maintain proper and accurate loan records and to discharge and fulfill the other incidents attendant to the maintenance, accounting and servicing of loan records in a non-negligent manner.

50.

Bank of America N.A. action caused injury to the Plaintiff.

51.

Plaintiff suffered damage proximately caused by Bank of America N.A. breach of its duty to Plaintiff.

52.

Bank of America N.A. actions were undertaken in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expenses

53.

Bank of America N.A. actions showed such willful misconduct, malice, fraud, wantonness, oppression, or the entire want of care as to raise the presumption of a conscious indifference to consequences and a specific intent to cause harm

WHERFORE, Plaintiff judgment against Defendants in the sum of $25,000.00 interest and cost and for such other and further relief the Court deems just and proper.

## Count V

### Fraud: Misrepresentation Pursuant to O.C.G.A. § 23-2-52

54.

Plaintiff realleges and incorporates paragraphs 1-53 as if fully stated herein

55.

Defendant Bank of America N.A. misrepresentative to Plaintiff that his lender will not foreclose on his property during the time he was being

13

considered for a modification

56.

Plaintiffs reasonably relied upon the Defendant's representations that they

would not foreclose while he wasbeing considered for a modification

57.

Defendant Bank of America N.A. never communicated with New Penn

Financial LLC.

58.

Defendant Bank of America N.A. knew Plaintiff's right to reinstate after

acceleration due to a default

59.

Defendants manipulated Plaintiff into believing that he was being

considered for a modification of her mortgage up to and though the time

Defendant Bank of America N.A. actually foreclosed upon Plaintiff

Property

60.

Defendants were successful in depriving Plaintiff of his right to reinstate.

61.

Defendants continue to refuse to allow Plaintiff to reinstate his mortgage

14

62.

Defendants goal was to deprive the Plaintiff of equity in his home by wrongfully foreclosing and instituting the current Dispossessory Action.

63.

Defendants knew that Plaintiff would rely on Defendants' misrepresentations that Plaintiff's loan was being considered for a modification and that Defendants would not foreclose upon Plaintiff's property.

64.

Defendants knew that the Plaintiff relied Dfendants' misrepresentation that no foreclosre sale would be conducted on Defendant's Property

65.

Defendants intiff intended to induce Plaintiff to rely on Defendants' misrepresentations

66.

Plaintiff relied on Defendants' misrepresentation to his detriment.

67.

Plaintiff's reliance on such promises by Defendants led to his detriment

68.

Defendants acted willfully to deceive the Plaintiff.

15

69.

Defendants acted recklessly in dealing with the Plaintiff.

70.

Defendants' action caused injury to the Plaintiff

71.

Plaintiff suffered damages proximated caused by Defendants'

misrepresentations to Plaintiff

72.

Defendants' action were undertaken in bad faith have been stubbornly

litigious and have caused Plaintiff unnecessary trouble and expenses

73.

Defendants' actions showed such willful misconduct, malice, fraud,

wantonness, oppression, or the entire want of care as to raise the

presumption of a conscious indifference to consequences and a specific

intent to cause harm

WHEREFORE, the Plaintiff seek compensatory damages in the amount

$50,000.00 punitive damages pursuant to O.C.G.A. § 51-12-5-1, attorney

fees and cost pursuant to O.C.G.A. § 13-1-11 and § 13-6-11 and for such

other and further relief the Court deems just and proper

16

**PLAINTIFF DEMANDS TRIAL BY JURY**

Dated this 27th day of June, 2012

Respectfully submitted

Frederic Hill

Frederic Hill
7375 Kendel Court
Jonesboro, Georgia 30236

## PARTIES

I Frederic Hill is an ordinary citizen, trying to accomplish the American

dream of home ownership. Frederic Hill reside 7375 Kendel Court,

Jonesboro,Georgia 30236. At all times relevant to this Complaint,

Bank of America N.A., BAC Home Loans Servicing LP, New Penn

Financial LLC and Mortgage Electronic Registration Systems, Inc. have

operated a business in the United States.

Bank of America N.A.
7105 Corporate Drive
Plano, Texas 75024

New Penn Financial LLC
4000 Chemical Road
Suite 200
Plymouth Meeting, PA 19462

Bank of America NA
400 Countrywide Way
Simi Valley, California 93065

Bank of America N.A.
c/o CEO and President of Bank of America
100 North Tryon Street
Charlotte, NC 28255

Mortgage Electronic Registration Systems, Inc.
1818 Library Street
Suite 300
Reston, VA 20190

# VERIFICATION

Personally appeared before me, undersigned attested officer, I Frederic Hill

states under oath that the facts contained in the Foregoing complaint is true

and correct to the best of my knowledge.

_____

Frederic Hill


7375 Kendel Court,
Jonesboro,Georgia 30236
Address


404-314-5496
Phone



Sworn To and Subscribed Before Me

This  3rd  day of  July  2012


Notary Public

My Commission Expires

19

FILED

2012 AUG 30  AM 11: C4

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

Fredric Hill

JACQULINE D. WILLS
CLERK SUPERIOR COURT

CASE NUMBER

2012CV03829-6

Plaintiff

vs.

Bank Of America NA,
BAC Home Loans Servicing LP
Countrywide Home Loans
Servicing LP,
New Penn Financial LLC

Defendants.

## MOTION FOR TEMPORARY RESTRAINING ORDER AND / OR PRELIMINARY INJUNCTION

COME NOW, Plaintiff, Fredric Hill and files Motion for Temporary

Restraining Order and / or Preliminary Injunction pursuant to Uniform

Superior Court Rules 6.7,[2] and O.C.G.A. §9-11-65(b) against the listed

Defendants.

## PARTIES TO THE ACTION

1. Plaintiff at all times relevant has resided at 7375 Kendel Court,

   Jonesboro, Georgia 30236.

2. BAC Home Loans Servicing LP[3] is part of Bank of America NA

3. Bank of America NA was Served with Petition, by sending

   copy directly to Bank of America NA; 7105 Corporate Drive, Plano,

1

Texas 75024.

1. One of the people of Georgia, the Sovereign spoken of in Yick Wo vs. Hopkins 118 U.S. 356 (1886) http://caselaw.lp.findlaw.com/scripts/getcase.pl?court=US&vol=118&invol=356

2. U.S.C.R Rule 6.7: "...judge may shorten or waive the time requirement applicable to emergency motions ... The motion shall set forth in detail the necessity for such expedited procedure."

3. Referred to hereinafter as "Bank of America NA" Defendant is unsure whether Bank of America NA, or other entity is holder of the note, as Bank of America NA failed to properly disclose the information upon request through qualified written request.

## BRIEF BACKGROUD

4. Plaintiff executed a Security Deed for the property 7375 Kendal Court, Jonesboro, Georgia 30236 in favor of Bank of America NA

5. The loan number associated with the above referenced Security Deed is 223306220.

6. At all time since recordation the Plaintiff's Deed, to the best the Plaintiff's knowledge and belief, the loan had continually been with Bank of America NA; the Plaintiff's contact information has remained the same.

7. Plaintiff has been denied actual knowledge in violation of state, federal statutes and FDCPA and RESPA, of the holder of the note at present, and failure to disclose to Plaintiff whether or not Bank of America NA has transferred the note to a "party unknown".

2

8. The Defendants knowingly, willingly, and wantonly acted in bad faith and with blatant disregard of Plaintiff's property Rights, Federal Law and Georgia Statutes in an attempt to perpetrate a fraud and wrongfully foreclosed upon subject real property.

9. Defendants executed a Notice of Default and Notice of Sale under Power, without providing Plaintiff proper Notice as required by Georgia Law.

10. To the best of the Plaintiff knowledge and belief and from what she learned from Clayton county; the Security Deed recorded is the most current Deed of record for the subject residential properties.

11. Without notifying the Plaintiff the required thirty (30) days prior to the Defendant began pursuing foreclosure of Plaintiff's property.

12. Defendant foreclosure upon the subject property violated OCGA §44-14-162(b).

13. Notice requirements of O.C.G.A. § 44-14-162 were changed from 15 days to 30 days; when Governor Perdue signed into law Senate Bill 531.

14. The date of sale was set without intervention from this Court,

3

19. There have been no further mortgage, security deed, assignment, lien contract, transfer or conveyance recorded for the subject property to Plaintiff's knowledge.

20. Defendants' foreclosure upon the subject residential property violated OCGA § 44-14-162(b).

OCGA § 44-14-162(b)

"The security instrument or assignment thereof vesting the secured creditor with little to the security instrument shall be filed prior to the time of sale in the office of the clerk of the superior court of the county in which the real property is located."

21. The Plaintiff's knowledge and belief, there is no Note on the Official Record to secure the above reference Security Deed.

22. To date, Defendant knowingly, willingly and wantonly failed to adhere to the mandates of Federal and state law which would have property alerted Plaintiff to request Bank of America NA to produce the promissory note.

23. Allowing the Sale under Power to be completed exposed Plaintiff to potentially ruinous financial liability also was a direct violation of The Due Process Clause and numerous Constitutional guarantees concerning property.

5

## MEMORANDUM OF LAW IN SUPPORT OF TRO AND / OR PRELIMINARY INJUNCTION

24. Plaintiff Fredric Hill incorporates fully and by this specific

reference the statements in paragraphs 1 through 23 of this Petition

/ Complaint as stated fully herein.

> "A motion for interlocutory injunction or a TRO is an extraordinary motion, which is time sensitive; unlike other motions because it seeks to preserve the status quo until a full hearing can be held to avoid irreparable harm." Focus Entertainment International, Inc., v. Partridge Greene, Inc. (253 Ga. App. 121)(558 SE2d 440) (2001).

25. The Focus Court went on to explain that foreclosure is one such

instance which "injunction is appropriate" because "when an

interest in land is threatened with harm", "such harm is deemed to

be irreparable to the unique character of the property interest, i.e.,

money damages are not adequate compensation to protect the

interest harmed." See the following:

> "(a) Land, under Georgia law is deemed sufficiently unique that it is entitled to equitable remedies to protect such interest in land. Rife v. Corbett, 264 Ga. 871 (455 SE2d 581) (1995) (injunction to protect an easement); Benton v. Patel, 257 Ga. 669, 672 (1) (362 SE2d 217) (1987) injunction to stop foreclosure); Black v. American Vending Co., 239 Ga. 632, 634 (2) (238 SE2d 420) (1977) ("the law regards as sufficiently unique that equity will enforce a contract for [land] sale or lease"); Clark v Cagle, 141 Ga. 703, 705-706 (1) (82 SE 21) (1914) (specific performance of contract to sell land). Therefore, when an interest in land is threatened with harm,

6

> equitable injunctive relief is appropriate, because such harm is deemed to be irreparable to the unique character of the property interest, i.e., money damages are not adequate compensation to protect the interest harmed. See generally <u>Central of Ga. R. Co. v. Americus Constr. Co.</u>, 133 Ga. 392, 398 (65 SE 855) (1909) (irreparable injury defined to enjoin a nuisance); see also <u>Roth v. Connor</u>, 235 Ga. App. 866, 868-869 (1) (510 SE2d 550) (1998) (property interests of grantor and others in restrictive covenants of their benefits)."

26. Plaintiff has made a showing that without an Order granting a Temporary Restraining Order or Preliminary Injunction, Plaintiff will be irreparably harmed. Further, Plaintiff Petition is Verified, Plaintiff has shown the court, that had he been properly, legally Noticed before foreclosure action began, he would have taken proper steps to prevent such action. Plaintiff has further shown the Court that he had been pursuing information on his Mortgage from the Defendant.

27. Plaintiff requested documents from Bank of America NA.

28. Bank of America NA has shown a practice or pattern of refusing to produce the necessary documents requested in violation of RESPA 2605(e)

29. In times such as now, with mortgage fraud at the highest level in history, there has to be some evidence verifying that loan presented to you when requested. Plaintiff been denied his Rights to

7

notify "the debt collector in writing within the thirty-day period

described in subsection (a) that the debt or any portion thereof is

disputed or that the consumer requests the name and address of the

original creditor, the debt collector shall cease collection of the

debt or any disputed portion thereof until the debt collector obtains

verification of the debt or any copy of a judgment or the name and

address of the original creditor and a copy of such verification or

judgment or name and address of the original creditor is mailed to

the consumer by the debt collector." O.C.G.A. § 9-11-65 allows

the Court to grant such Order without notice to opposition in

certain circumstances.

> O.C.G.A. §9-11-65
>
> (b) Temporary restraining order; when granted without notice duration; hearing application to dissolve or modify.
> "A temporary restraining order may be granted without or oral notice to the adverse party or his attorney only if: (l) It clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or his attorney can be heard in opposition; and (2) … certifies to the court, in writing, the efforts if any, which have been made to give the notice and the reasons supporting the party's claim that notice should not be required.

30. Further, because Defendant would have been required to cease all

8

foreclosure and eviction proceedings until such time as the debt was validated; and Plaintiff is ignorant of the true identity of the actual holder in due course with Bank of America NA. Therefore, allowing the Sale under Power to be completed exposed Plaintiff too potentially ruinous financial liability in the event that the actual holder in due course should one day make a claim upon the Note.

## CONCLUSION AND PRAYER FOR RELIEF

Plaintiff incorporates fully and by this specific reference the statements in paragraph 1 through 30 as if stated fully herein.

Plaintiff in this matter, would have approached the Defendants in the proper manner as required by law in good faith attempt to remedy what could result in the loss of Plaintiff's property through no fault of her own. The Defendant on the other hand refused to adhere to the mandatory state and federal laws that would have allowed Plaintiff to obtain requested documented evidence of their claims, blatantly showing bad faith and a healthy lack of respect for the laws of this state.

Plaintiff has shown that Defendant violated Plaintiff's rights under the Fair Debt Collection Practices Act thereby entitling Plaintiff to all appropriate relief provide for by statute

Plaintiff has shown that Defendant violated Plaintiff's rights under

9

RESPA.

Plaintiff regret the emergency nature of this petition and prays the Courts Grant the following relief:

    (a). GRANT an Emergency Temporary Restraining Order and/or Preliminary Injunction to prevent the foreclosure of Plaintiff from certain real property 7375 Kendel Court, Jonesboro, Georgia 30236.

    (b). COMPEL Production of the Original Promissory Note(s).

    (c). COMPEL proof of any assignment, lien or any other instrument that proves any claim by any alleged holders in due course.

    (d). COMPEL validation of the alleged Debt.

    (e). COMPEL verification of the loan number and the use the correct loan number in any proceeding henceforth.

    (f). COMPEL compliance with OCGA § 44-14-162 (b)

    (g). COMPEL compliance with Plaintiff's continue request for certain documentation

    (h). GRANT Plaintiff any and all other and or further relief allowed by law and / or which the Court deems just and proper.

Respectfully submitted this 28th day of August, 2012

_Fredric J. Hill_ **✗✗**
Fredric Hill

Fredric Hill
7375 Kendel Court
Jonesboro, Georgia 30236

11

## CERTIFICATE OF SERVICE

I Fredric Hill, title holder and mortgagor, certify that I have notified

all parties a true and correct copy of the attached VERIFIED EMERGENCY

MOTION FOR TEMPORARY RESTRAINING ORDER AND / OR

PRELIMINARY INJUNCTION first class pre-paid United State Postal

Service, with sufficient postage affixed thereon, to:

Bank of America N.A.
7105 Corporate Drive
Plano, Texas 75024

New Penn Financial LLC
4000 Chemcial Road
Suite 200
Plymouth Meeting, PA 19462

Bank of America NA
400 Countrywide Way
Simi Valley, California 93065

Bank of America N.A.
c/o CEO and President of Bank of America
100 North Tryon Street
Charlotte, NC 28255

Mortgage Electronic Registration Systems, Inc.
1818 Library Street
Suite 300
Reston, VA 20190

This 28th day of August, 2012

_Fredric J. Hill_
Fredric Hill

Fredric Hill
7375 Kendel Court
Jonesboro, Georgia 30236



COPY

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

Fredric Hill

Plaintiff

vs.

Bank Of America NA,
BAC Home Loans Servicing LP
Countrywide Home Loans
Servicing LP,
New Penn Financial LLC

Defendants.

CASE NUMBER

2012CV08829-26



## LIS PENDENS NOTICE

To Whom It May Concern:

1. Take notice that I Fredric Hill Plaintiff, have this day filed a

   Counter Suit and Petition in Clayton County Superior Court against

   Bank of America NA, Civil Action _____(the "action")

2. In that action, Plaintiff is seeking to set aside the foreclosure attempt

   and eviction proceedings instituted by or on behalf of Defendant,

   which purported to transfer title to Plaintiff property located at 7375

   Kendel Court, Jonesboro, Georgia 30236 to Bank of America NA.

   Plaintiff in the action seek to enjoin any transfer and sell of his

   property and to enjoin any effort to dispossess or evict him from the

   property.

14

This 28th day of August, 2012

Fredric Hill

Fredric Hill
7375 Kendel Court
Jonesboro, Georgia 30236

15

## CERTIFICATE OF SERVICE

I Fredric Hill, title holder and mortgagor, certify that I have notified all

parties a true and correct copy of the attached LISPENDENS NOTICE first

class pre-paid United State Postal Service, with sufficient postage affixed

thereon, to:

Bank of America N.A.
7105 Corporate Drive
Plano, Texas 75024

New Penn Financial LLC
4000 Chemcial Road
Suite 200
Plymouth Meeting, PA 19462

Bank of America NA
400 Countrywide Way
Simi Valley, California 93065

Bank of America N.A.
c/o CEO and President of Bank of America
100 North Tryon Street
Charlotte, NC 28255

Mortgage Electronic Registration Systems, Inc.
1818 Library Street
Suite 300
Reston, VA 20190

This 28th day of August, 2012

16

_Fredric Hill_
Fredric Hill

Fredric Hill
7375 Kendel Court
Jonesboro, Georgia 30236

17

FILED

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

2012 AUG 30   AM 10: 54

JACQULINE D WILLS
CLERK SUPERIOR COURT

Fredric Hill

Plaintiff

vs.

Bank Of America NA,
BAC Home Loans Servicing LP
Countrywide Home Loans
Servicing LP,
New Penn Financial LLC

Defendants

CASE NUMBER

2012 CV03829 - 8

## MOTION FOR DECLARATORY RELIEF TO SET ASIDE FORECLOSURE FOR INJUNCTIVEE RELIEF AND PETITION FOR QUIET TITLE

NOW COMES Plaintiff and Petitioner Fredric Hill who alleges as

follows:

### INTRODUCTION AND NATURE OF THE DISPUTE

This dispute arise out of an unlawful foreclosure under power of sale of

Plaintiff's property by Bank of America NA. Georgia law is clear that

entities foreclosing upon homeowners must strictly comply with Georgia's

statutory prerequisites in order to foreclose. O.C.G.A. § 23-2-114.

The foreclosure attempt by Defendants concerning Plaintiff's property is

unlawful and fatally deficient in numerous respects, including:  It is being

conducted by Bank of America NA. Which was merely the mortgage

18

servicer and as such lacked the authority and standing to conduct the

foreclosure proceedings; no notice was provided to the Plaintiff prior to the

sale of by the "secured creditor" with the contact information of an

individual with authority to negotiate and amend the terms of the mortgage,

as required by O.C.G.A. § 44-14-162.2(a); the recorded deed failed to give

Bank of America NA the power of authority to execute a foreclosure sale;

and no deed under power has been recorder by a secure creditor with power

to foreclose, as required by O.C.G.A. § 44-14-160 and O.C.G.A. § 44-14-

162(b).  Plaintiff seeks a declaration that the foreclosure proceeding were

unlawful and to set aside the foreclosure.  Plaintiff also seeks an injunction

regarding any transfer and sale proceedings resulting from the unlawful

foreclosure and to quiet to the property solely to the Plaintiff, including

rescission of the purported mortgage interest held by Defendant.

## PARTIES

1.  Plaintiff is a resident of the State of Georgia and resides in Clayton
    County.

2.  Bank of America NA is a Texas corporation with its principal place of
    business in Plano, TX

## JURISDICTION AND VENUE

3.  Bank of America NA has substantial contacts and resides within and

19

does business in the State of Georgia and Clayton County.  The
actions and/or omissions giving rise to this Motion and Petition
occurred in Clayton County.

4. The property which forms the basis for this Motion and Petition is
   located in Clayton County and is in the possession of Plaintiff.

## BACKGROUND AND STATEMENT OF FACTS

5. Plaintiff purchased property located at 7375 Kendel Court,
   Jonesboro, Georgia 30236 (the property). Plaintiff financed the
   purchase of the property with a mortgage originally underwritten by
   New Penn Financial LLC.

6. New Penn Financial LLC is named in the Security Deed as the
   "Lender" and New Penn Financial LLC therefore is the legally-
   recognized secured creditor.

7. The Security Deed contains a "power od sale" clause on page 365
   which states that the "Lender" is authorized to exercise the power of
   sale in certain circumstances.

8. The Security Deed also names Mortgage Electronic Registration
   Systems Inc. ("MERS") as the mortgage loan servicer.  Specifically,
   the Security Deed states that "MERS" is a separate corporation that is
   acting *solely as a nominee* for the Lender.  Thus, MERS simply acted

20

as Lender's servicing agent; at no time did MERS have a secured

interested in the property.

9.   MERS assigned its interest in Plaintiff's Security Deed i.e., MERS's

rights as the secured creditor's nominee and servicing agent to

Bank of America NA.  That assignment is recorder at Clayton County.

10. On information and belief Bank of America NA is the successor by

merger BAC Home Loans Servicing LP. Thus Bank of America NA

merely the servicer of the mortgage on Plaintiff property; Bank of

America NA does not now and never has been a secured creditor in

that property.

11. On information and belief the secured creditor on Plaintiff was

Bank of America NA

12. BAC Home Loans Servicing LP not Bank of America NA or any

other secured creditor sent Plaintiff a letter notifying him that

Bank of America NA was exercising the power of sale clause in the

Plaintiff mortgage agreement and intended to conduct a non-judicial

foreclosure and sale of the property.  Bank of America NA identified

an employee with whom Plaintiff purportedly could correspond

concerning the foreclosure proceedings.  No representative of the

secured creditor with whom Plaintiff could discuss the foreclosure

21

was never identified to Plaintiff.

13. Plaintiff encountered a stone wall when he attempted to contact the

Chase Home Finance representative identified by Bank of America

NA as being a person who could help resolve this matter. Numerous

calls went unreturned and representative Plaintiff finally did reach

simply referred him to another Bank of America NA employee.

Finally one of Bank of America NA representative informed Plaintiff

that Bank of America NA did not have the authority to negotiate,

amend or otherwise discuss a modification of his mortgage because

they were just the servicer of the loan.  Plaintiff was told as the holder

of the mortgage had that authority.  Moreover, Plaintiff was informed

that once the foreclosure process begun there was no point in

communicating because the mortgage obligation could not be

modified.

14. Bank of America NA the loan servicer commenced the non-judicial

foreclosure of Plaintiff's property pursuant to the power of sale by

providing the public notice required by O.C.G.A. § 44-14-162.  The

only security instrument "vesting the secured creditor with title to

security instrument" which was filed prior to the foreclosure

proceedings as required by O.C.G.A. § 44-14-162(b) fails to Bank of

22

America NA as having authority to conduct the foreclosure under power of sale.

15. At the conclusion of that notice period Bank of America NA purportedly sold the property purporting to transferring title to Bank of America NA. In that Under Power Bank of America NA falsely Referred to itself as the "Lender" a designation which is flatly contradicted by the original security deed documentation.

FIRST CAUSE OF ACTION – SETTING ASIDE UNLAWFUL FORECLOSURE

16. Plaintiff incorporates and restates paragraphs 1 through 15 as if set forth in full herein.

17. Defendant did not and does not have authority to foreclose on Plaintiff's mortgage or property.  On information and belief

18. Bank of America NA was not the original lender on Plaintiff's mortgage but merely purports to be an assignee of the debt.  On information and belief BAC Home Loans Servicing LP was not legally assigned the mortgage or otherwise has standing to enforce that obligation to foreclose on Plaintiff's property.  There is recorded evidence in the chain of title of any legally valid document which gave any Defendant authority to foreclose on Plaintiff's property

23

19. Moreover, even if Bank of America NA is the legal owner of the mortgage the foreclosure and transfer of Plaintiff's property was conducted by BAC Home Loans Servicing LP. Bank of America NA is and at all relevant times was merely the servicer of the mortgage, not a "secured creditor". At no time relevant to this Petition and Complaint was Bank of America NA the owner of the mortgage or did it hold any equity position with respect to the mortgage. Therefore Bank of America NA lacks standing and authority to foreclose on Plaintiff's mortgage and transfer his property.

20. Moreover the foreclosure was conducted in violation of O.C.G.A. § 44-14-162.2 compliance with which is condition precedent to any lawful foreclosure and transfer of property. That statute requires that "[n]otice of the initiation of proceeding to exercise the power of sale in a mortgage, security deed or other lien contract shall be given to the debtor *by the secured creditor* no later than 30 days before the date of the proposed foreclosure sale date. Such notice shall be in writing shall include the name, address and telephone number of the individual or entity who shall have full authority to negotiate amend and modify all terms of the mortgage with the debtor."

21. The notice sent to Plaintiff listed a Bank of America NA

24

representative, who informed Plaintiff that Bank of America NA did not have authority to negotiate a restructuring of the mortgage obligation.  Rather the Bank of America NA representative told Plaintiff only Bank of America NA as the owner of the loan and therefore the "secured creditor" had that authority.  Thus, the foreclosure notice sent to Plaintiff was insufficient and failed to comply with the statute.

22. Defendants have also failed to comply with O.C.G.A. § 44-14-160 which requires that "[w]ithin 90 days of a foreclosure sale, all deeds under power shall be recorded by the holder of a deed to secure debt or a mortgage ...." On information and belief Defendant have failed to record any such deed.

WHEREFORE, Plaintiff pray that:

1. The non-judicial foreclosure of his property conducted be set aside

2. The Plaintiff's mortgage be cancelled and rescinded;

3. That Defendant be enjoined from taking any further action in purported furtherance of the foreclosure and eviction of Plaintiff's property.

4. Any action to dispossess or evict Plaintiff from the property be enjoined;

5. That Plaintiff be awarded the costs of this suit, including attorneys' fees and

6. That this Court grant such further legal and equitable relief as is just.

## SECOND CAUSE OF ACTION-QUIET TITLE

23. Plaintiff incorporates and restates paragraphs 1through 22 as if set forth in full herein.

24. As alleged above, a dispute and/or cloud upon the title exists with respect to the property as defined in O.C.G.A. § 23-3-62 this dispute concerns the land described and defined above, with respect to which Plaintiff claims an ownership interest evidenced by a written deed. Plaintiff verifies this Petition below and attaches hereto a plat of survey of the land, a pit of the deed upon which the petitioner's interest is based and copies of the invalid security interests-if any- which appear in the recorded chain of title.

25. A copy of a lis pendens required by O.C.G.A. § 23-3-62(d) is attached to and is contemporaneously filed with this Complaint and Petition.

WHEREFORE, Plaintiff prays that:

1. That the Court take jurisdiction of this matter as an action in rem requiring the appointment of a special master pursuant to O.C.G.A.

26

§ 23-3-63:

2. That the Court appoint such special master and that this proceeding

   be referred to said special master by proper order pursuant to said

   code section;

3. That all issues of fact be tried by jury as provided in O.C.G.A. §

   23-3-67;

4. That the non-judicial foreclosure of his property be set aside;

5. That Plaintiff's mortgage be cancelled and rescinded and that

   Plaintiff have a judgment establishing title in the in the property

   in the estate against all the world and that all clouds upon the title

   to said land, including the purported deed from Plaintiff to

   Defendant be cancelled and removed;

6. The Defendant be enjoined from taking any further action in

   purported furtherance of the foreclosure, sale, transfer and eviction

   of Plaintiff's property;

7. That this Court order the Defendants have no legally recognizable

   interest in the property;

8. That Defendant be enjoined from taking further action to foreclose,

   sell, dispossess or evict Plaintiff from the property; and

9. That Plaintiff be awarded the cost of this suit, including

attorneys' fees; and

10. That this Court grant such further legal and equitable relief as is

just.

Respectfully submitted this 28th day of August, 2012

_Fredric Hill_

Fredric Hill

Fredric Hill
7375 Kendel Court
Jonesboro, Georgia 30236

28

## CERTIFICATE OF SERVICE

I Fredric Hill, title holder and mortgagor, certify that I have

notified all parties a true and correct copy of the attached MOTION FOR

DECLARATORY RELIEF TO SET ASIDE FORECLOSURE FOR

INJUNCTIVEE RELIEF AND PETITION FOR QUIET TITLE first class

pre-paid United State Postal Service, with sufficient postage affixed thereon,

to:

Bank of America N.A.
7105 Corporate Drive
Plano, Texas 75024

New Penn Financial LLC
4000 Chemical Road
Suite 200
Plymouth Meeting, PA 19462

Bank of America NA
400 Countrywide Way
Simi Valley, California 93065

Bank of America N.A.
c/o CEO and President of Bank of America
100 North Tryon Street
Charlotte, NC 28255

Mortgage Electronic Registration Systems, Inc.
1818 Library Street
Suite 300
Reston, VA 20190

This 28th day of August, 2012

29

Fredric Hill

Fredric Hill
7375 Kendel Court
Jonesboro, Georgia 30236

30

COPY                    IN THE SUPERIOR COURT OF CLAYTON COUNTY

STATE OF GEORGIA

FREDRIC HILL,                        )
                                     )
        Plaintiff,                   )
                                     )        CIVIL ACTION
vs.                                  )        FILE NO. 2012-CV-03829-6
                                     )
BANK OF AMERICA NA, BAC              )
HOME LOANS SERVICING LP,             )
COUNTRYWIDE HOME LOANS               )
SERVICING LP, NEW PENN               )
FINANCIAL LLC,                       )
                                     )
        Defendants.                  )

## ORDER

On August 30, 2012, the plaintiff in the above-styled case filed a Motion for Temporary

Restraining Order and/or Preliminary Injunction.

The plaintiff is seeking to prevent an upcoming foreclosure sale of his property located at

7375 Kendel Court, Jonesboro, Georgia 30236.  *See Motion, generally.*

Pursuant to O.C.G.A. § 9-11-65 (b): "A temporary restraining order may be granted without

written or oral notice to the adverse party or his attorney only if: (1) It clearly appears from specific

facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or

damage will result to the applicant before the adverse party or his attorney can be heard in

opposition; and (2) The applicant's attorney certifies to the court, in writing, the efforts, if any, which

have been made to give notice and the reasons supporting the party's claim that notice should not

be required."

Upon review of the record, this court **FINDS** the plaintiff has failed to demonstrate the

necessary requirements to obtain a temporary restraining order. In particular, the plaintiff's motion or complaint does not show by specific facts that immediate and irreparable injury, loss, or damage will result before the adverse party can be heard in opposition; the plaintiff does not provide a date on which the alleged foreclosure sale will take place.[1] Also, the petition does not specify the reasons that notice to the defendants should not be required prior to issuing the order.[2]

For the foregoing reasons, the plaintiff's motion for a temporary restraining order and/or preliminary injunction is **DENIED**.

**SO ORDERED AND ADJUDGED**, this _30_ day of _____, 2012.

_____
Deborah C. Benefield, Chief Judge
Superior Court

_____

[1] The plaintiff's arguments concerning the alleged foreclosure sale are unclear to this court, as the plaintiff has not stated a date on which the sale is scheduled to take place, nor substantiated his claims with any facts or evidence attached to the complaint or motion.

[2] The plaintiff attaches a Certificate of Service showing he mailed the motion to two of the defendants on the same date it was filed; however, no service is shown for the defendants BAC Home Loans Servicing LP and Countrywide Home Loans Servicing LP.